**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

OCT 31 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MICHAEL PETER HERRERA, | No. 08-56837 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-2410-JFW-CT |
| v. | |
| KELLY HARRINGTON, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted October 13, 2011
Pasadena, California

Before: PREGERSON and BYBEE, Circuit Judges, and DAVIDSON**, Senior
District Judge.**

Petitioner Michael Peter Herrera, a California state prisoner, appeals the

district court's denial of his 28 U.S.C. § 2254 habeas petition. We have

jurisdiction under 28 U.S.C. § 2253. We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The Honorable Glen H. Davidson, Senior District Judge for the U.S.
District Court for the Northern District of Mississippi, sitting by designation.

Herrera argues that the evidence presented at his state trial was insufficient to permit the jury to find that the Santa Monica gang's "primary activities" involved a crime enumerated in California's gang enhancement statute. *See* Cal. Penal Code § 186.22; *People v. Sengpadychith*, 27 P.3d 739, 744 (Cal. 2001) (holding that an enumerated crime is a gang's "primary" activity when it is one of the gang's "'chief' or 'principal' occupations").

In *Jackson v. Virginia*, 443 U.S. 307, 309 (1979), the Supreme Court held that when the claim is made that a person has been convicted in state court upon insufficient evidence, the inquiry is whether, "viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319. Moreover, because Herrera is a state prisoner challenging his conviction in federal court, he must also show that the California state court was "objectively unreasonable" in denying his sufficiency of the evidence claim. *Juan H. v. Allen*, 408 F.3d 1262, 1275 n.12 (9th Cir. 2005).

Here, the California state court reasonably applied *Jackson* because a rational trier of fact could have found that the Santa Monica gang's "primary activities" included at least one of those listed in California Penal Code § 186.22(e).

2

Next, Herrera argues that the state trial court erred by failing to instruct the jury on the definition of "primary activities" as found in California's model jury instructions. The phrase "primary activities" is sufficiently clear such that an average juror would understand its meaning. *See United States v. Tirouda*, 394 F.3d 683, 688–89 (9th Cir. 2005) ("No prejudice results from a district court's failure to define a concept 'within the comprehension of the average juror.'" (quoting *United States v. Dixon*, 201 F.3d 1223, 1231 (9th Cir. 2000)). The California Court of Appeal therefore did not unreasonably apply Supreme Court precedent in denying Herrera's challenge to the jury instructions.

**AFFIRMED.**